IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAULA TILLEY,

      Plaintiff,

vs.

AMPRO MORTGAGE, an Arizona corporation, et al.

      Defendants.

_____/

Civ. No. S-11-1134 KJM CKD

ORDER

      On January 5, 2012, plaintiff filed an ex parte application for a temporary restraining order, seeking to prevent a trustee's sale of her house, set for January 6, 2012. Plaintiff did not indicate the time set for the sale. Defendants have opposed the motion, arguing plaintiff cannot demonstrate a likelihood of success on the merits, particularly as she has not tendered the indebtedness.

I. Background

      On April 27, 2011, plaintiff filed a complaint, challenging the foreclosure of her home. On June 21, 2011, defendants filed a motion to dismiss. While this motion was pending, on August 26, 2011, plaintiff filed a motion for a preliminary injunction, seeking to enjoin the trustee's sale of her home. On November 28, 2011, the court granted the motion to dismiss,

/////

giving plaintiff leave to amend some of her claims, and denied the motion for a preliminary injunction.  ECF No. 25.

On December 14, 2011, plaintiff filed her First Amended Complaint (FAC), amending some of the original claims and adding new claims.  The FAC is comprised of six claims: (1) a violation of California Civil Code § 2923.5 against all defendants; (2) wrongful foreclosure against all defendants; (3) slander of title against all defendants; (4) declaratory and injunctive relief against all defendants; (5) promissory estoppel against all defendants; and (6) fraudulent misrepresentation as to all defendants.  ECF No. 26.

Defendants have filed a motion to strike and to dismiss, currently set for March 9, 2012.  ECF No. 27.

II. <u>The Motion For A Preliminary Injunction</u>

   A.  Standard

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l. Sales Co., Inc. v. John D. Brush & Co., Inc*., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analyses for temporary restraining order and preliminary injunction "substantially identical").

/////

B.  Analysis[1]

Plaintiff argues she is likely to succeed on the merits of her claims that the beneficiary of the deed of trust has not properly executed and recorded the assignment of the deed of trust, that the note cannot be transferred by way of assignment of the deed of trust, the assignment violates the provisions of the trust, the trustee is not the trustee identified on the Pooling and Servicing Agreement (PSA), the substitution of the trustee has not been properly executed and recorded by the beneficiary, and the notice of default and trustee's sale are "no good" because California Reconveyance Company (CRC) has not been properly substituted for the original trustee. ECF No. 29 at 4.

1. The Foreclosure In This Case

On June 9, 2006, plaintiff Paula Tilley and her husband Michael Tilley executed two deeds of trust, one in the amount of $622,000 and the second in the amount of $78,000, both relating to the property described as 8800 Ridge Road, Newcastle, California.  ECF No. 33 at 6-34.  The first deed of trust identifies the Tilleys as the borrowers; Ampro Mortgage, a division of United Financial Mortgage Corp., as the lender; Liberty Title Company as the trustee; and MERS as the nominee for the lender and the lender's successors and assigns, as well as the beneficiary under the security interest.  *Id.* at 6.[2]  The first deed of trust grants the power of sale to the trustee.  *Id*. at 8.  In addition, it notifies the borrowers that the note or a partial interest in the note, plus the deed of trust, could be sold without prior notice to the borrower.  *Id.* at 15-16.

---

[1] There are several problems with plaintiff's memorandum of points and authorities. The pleading is 26 pages long despite this court's standing order restricting the memorandum to 20 pages unless advance permission is obtained.  In addition, it contains neither a table of contents nor authorities, though both are required when a memorandum of points and authorities exceeds 15 pages.  L. R. 133(k).   Plaintiff also asks the court to take judicial notice of orders in three cases from the District of Nevada, but has provided only names and docket numbers of those cases, despite the requirement that she provide copies of those authorities that are not available through Westlaw or Lexis.  L.R. 133(i)(3).  Regarding the latter request, the court declines to do plaintiff's research for her.

[2] As the foreclosure is proceeding on the first deed of trust, the court does not dwell on the second deed.

It also notifies plaintiff that there might be changes in the loan servicer unrelated to any sale of the note. *Id.* at 16. Finally, the deed provides that the lender has the option to appoint a successor trustee by an instrument executed by the lender and recorded in the county recorder's office. *Id*. at 17. These deeds were recorded in the Placer County Recorder's Office on June 15, 2006.

On November 3, 2009, Deborah Brignac, Vice President of MERS, signed an assignment of the deed of trust, assigning the deed and the note to U.S. Bank National Association, as trustee for WAMU Mortgage Pass Through Certificate, for WMALT Series 2006-AR8; this was recorded in Placer County on November 10, 2009 at 9:21:29 a.m. ECF No. 33 at 36. On November 10, 2009, at 9:21:33 a.m., the Recorder's Office recorded a substitution of trustee, substituting CRC as trustee. This was signed on November 3, 2009, by Deborah Brignac,[3] this time identified as Vice President of U.S. Bank National Association, as trustee for the WAMU Mortgage Pass-Through Certificate, by JP Morgan Chase Bank, as attorney-in-fact. *Id*. at 39. On November 10, 2009, at 9:21:36 a.m., CRC recorded a Notice of Default and Election To Sell, signed on November 3, 2009, by Silvia Freeberg, Assistant Secretary of CRC. *Id*. at 42.

CRC recorded a Notice of Trustee's Sale on March 11, 2010; this was signed by Deborah Brignac as Vice President. ECF No. 33 at 45-46. CRC recorded a second Notice of Trustee's Sale on March 31, 2011. *Id*. at 49-50. This was signed by James Tolliver, Assistant Secretary of CRC. *Id*.

/////

/////

/////

---

[3] As plaintiff notes, Ms. Brignac appears to be acting on behalf of a number of companies. This circumstance is troubling, but in the absence of other evidence it does not suggest that the foreclosure is void.

4

   2. Plaintiff's Claims

   Although the amended complaint contains six claims, plaintiff relies only on the involvement of MERS and the problems with the various assignments and substitutions in this case. The court will therefore discuss only these claims in connection with this motion.

   First, plaintiff suggests that the assignment to U.S. Bank as trustee for the WAMU Mortgage Pass-Through Certificate appears to be invalid because LaSalle Bank, not U.S. Bank, is listed as trustee in the PSA. ECF No. 29 at 17; ECF No. 20. Because plaintiff has provided only excerpts of the PSA for the WAMU Trust, the court cannot tell whether or not it contains provisions allowing for the substitution of the trustee. To the extent she claims that U.S. Bank lacked the authority to act, she has not supported her claim, particularly as the matters in the record appear to show a proper transfer.

   Plaintiff asks the court to rely on a deposition of William Hultman, a Vice-President of MERS, taken in connection with a case proceeding in Alabama state court. ECF No. 30. Counsel avers that she obtained the copy of the deposition from the "Scribd" website and has "no reason to believe that the deposition transcript that [she] extracted from . . . Scribd is not a true and correct copy of the original transcript." ECF No. 30 ¶ 5. She relies on portions of this deposition to argue that MERS lost its status as nominee when the deed of trust was transferred to the WAMU Trust, which is not a member of MERS. ECF No. 29 at 21. The court declines to rely on this document, pulled from a social publishing website, the authenticity of which counsel cannot establish. *See Orr v. Bank of America*, 285 F.3d 764, 774 (9th Cir. 2002).

   To the extent plaintiff complains that MERS lacked the authority to act, this position has been rejected by a number of courts. Plaintiff has not successfully distinguished those cases finding that the language in the form deed of trust used in this case confers on MERS the rights of the beneficiary, from foreclosing on the property, to assigning its beneficial interest, to substituting a new trustee. *See Calvo v. HSBC Bank* USA, 199 Cal.App.4th 118, 125 (2011) (right to initiate foreclosure); *Pantoja v. Countrywide Home Loans*, 640 F. Supp. 2d 1177,

5

1188–89 (N.D. Cal. 2009) (foreclosing); *Hensley v. Bank of New York Mellon*, 2011 WL 2118810, at *2 (E.D. Cal. May 27, 2011) (assigning beneficial interest).  Courts that have found the form deed of trust to give MERS broad authority have generally neither focused on nor discussed the phrase "when necessary to comply with law or custom," suggesting the phrase does not restrict MERS' authority under the deed.

Other courts have found that whatever the role a nominee may play when "necessary to comply with law and custom," MERS acts as the agent of the lender and may assign a beneficial interest in the deed of trust, assign the note, and appoint a substitute trustee. *Fontenot v. Wells Fargo Bank*, 198 Cal.App.4th 256, 270-71 (2011) (although MERS may not have the authority in its own right to act, it could do so as nominee, or agent, for the lender); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1156 n.7 & 1157, *cert. denied* 132 S.C. 419 (2011); *In re Macklin*, 2011 WL 2015520, at *5 (E.D. Cal. May 19, 2011); *Perlas v. Mortg. Elec. Registration Sys. Inc.*, 2010 WL 3079262, at *3 (N.D. Cal. Aug. 6, 2010); *Kurek v. Am.'s Wholesale Lender*, 2011 WL 3240482, at *2 (N.D. Cal. 2011).[4]  Although plaintiff argues this court should follow *Polhemus v. Trainer*, 30 Cal. 685, 688 (1866), she provides a single line description of that case: interest in the collateral subject to the mortgage does not pass unless the debt itself is assigned.  ECF No. 29 at 18.  In this case, it appears that both the debt, as evidenced by the note, and the interest in the collateral were transferred.  ECF No. 33 at 36.

Plaintiff then argues that the chain of assignment of the note itself, as opposed to the deed of trust, is also invalid and so U.S. Bank lacks the authority to initiate foreclosure.  ECF

---

[4] This court acknowledges that at least one commentator has recognized that there is an imperfect fit between the role of MERS and California's non-judicial foreclosure laws.  Geier, Show Me Your Papers: Sales and Assignments of Secured Real Estate Loans and the California Foreclosure Process, 22 No. 3, *Miller & Starr, Real Estate Newsalert* (Dec. 2011).  The court also recognizes the lack of clarity with respect to the relationship between various provisions of the California Civil Code relating to mortgages and deeds of trust.  In this case, however, when it is plaintiff's burden to show likelihood of success on the merits, the court has not found a reason to depart from the line of cases upholding, to date, MERS' authority.

No. 29 at 20. This argument is presented in two paragraphs and appears to be based on the problems plaintiff argues exist with the chain of title to the deed of trust. As noted above, plaintiff has not made a sufficient showing of problems with the chain of title.

Finally, plaintiff alleges that the assignment of plaintiff's note to the WAMU trust violated the provisions of the PSA. Plaintiff lacks standing to challenge the way in which the loan was added to the trust. *Bascos v. Federal Home Loan Mortgage Corp.*, 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) ("Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust.").

IT IS THEREFORE ORDERED that plaintiff's motion for a temporary restraining order (ECF No. 29) is denied.

DATED: January 6, 2012.

_____
UNITED STATES DISTRICT JUDGE